# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOHN JAMES RYAN,<br><br>                             Plaintiff,<br>  vs.<br>TIMOTHY M. HYDEN, et al.,<br><br>                            Defendant. | CASE NO. 13cv311-LAB (RBB)<br><br>**ORDER REQUIRING SUBSTITUTION OF COUNSEL** |

On February 7, 2013, this action was removed from California state court on the grounds that two Defendants were federal employees acting within the scope of their employment at the time the events complained of happened. The U.S. Attorney provided the required certification of this. Because the Federal Tort Claims Act provides the exclusive remedy for negligent or wrongful acts or omissions under such circumstances, this Court appears to have jurisdiction at least over those claims.

The Plaintiff, Estate of John James Ryan, purports to be proceeding *pro se*. Regardless of California state courts' rules and decisions on the permissibility of this, it is impermissible in federal court for two reasons. First, an estate cannot act on its own; it must act through its administrator. *See, e.g., Lombardi v. Allstate Ins. Co.*, 2011 WL 294506, slip op. at *4 (W.D.Pa. Jan. 27, 2011) ("Because the Estate is incapable of acting on its own, it must act—or fail to act—through its administrator. . . ") The Estate itself is therefore not a proper Plaintiff in this case.

1  Second, neither an estate nor the administrator of an estate can proceed *in pro per*
2  in federal court. *See Swenson v. United States*, 2013 WL 147814, slip op. at *3 n.2
3  (E.D.Cal., Jan. 14, 2013) (citing *Iannaccone v.Law*, 142 F.3d 553, 559 (2d Cir. 1998)). *See*
4  *also* Civil Local Rule 83.3(k) (permitting only natural persons to appear *in pro per* in this
5  Court, and requiring all other parties, including legal entities, to appear in court only through
6  a duly admitted attorney).

7  It should be noted that neither the Estate nor its executor could not proceed in
8  California state court *in pro per*, either. *See City of Downey v. Johnson*, 263 Cal. App. 2d
9  775, 780 (Cal. App. 1968) (executor of estate was not entitled to appear *in pro per*).
10 Requiring Plaintiff to be represented by counsel at this point does not create an undue
11 burden or a danger of unfair surprise.

12 Plaintiff is therefore **ORDERED** to substitute in licensed and qualified counsel no later
13 than **March 11, 2013**. Counsel shall then file an amended complaint stating a proper Plaintiff
14 no later than **March 18, 2013**. If Plaintiff fails to do either of these things within the time
15 permitted, this action will be dismissed for failure to prosecute.

16 Pursuant to Civil Local Rule 83.3(k), only a duly admitted attorney may make
17 appearances. Obviously, the Estate itself cannot file documents. Any documents to be filed,
18 therefore, must be filed by a duly licensed and admitted attorney; documents submitted for
19 filing by anyone else will be summarily rejected for filing.

20 **IT IS SO ORDERED**.
21 DATED: February 14, 2013

23 **HONORABLE LARRY ALAN BURNS**
United States District Judge